# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

PEGGY A. COOPER,
  Appellant,

v.

UNITED STATES POSTAL SERVICE,
  Agency.

DOCKET NUMBER
SF-0353-14-0098-I-1

DATE: February 25, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Guillermo Mojarro, Upland, California, for the appellant.

Kristen L. Walsh, Esquire, San Francisco, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal alleging that the agency failed to restore her to duty after partial recovery from a compensable injury. Generally, we grant petitions such as this one only when: the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 ([5 C.F.R. § 1201.115](#)). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly modified by this Final Order, we AFFIRM the initial decision.

¶2      The issues in the appeal before the Board originated with an earlier appeal, *Cooper v. U.S. Postal Service*, SF-0353-11-0316-I-1, Initial Decision (May 13, 2011) (hereinafter *Cooper I*). The appellant was an unassigned regular full-time employee at the San Bernardino Processing and Distribution Center (SBP&DC) in San Bernardino, California. *Cooper I* at 2. Because she had suffered a compensable injury in 2004, she was offered and accepted a limited-duty position in the manual letters section effective January 5, 2010. *Id.* Her job there was abolished effective September 24, 2010, owing to lack of mail volume, and she was reassigned to a Mail Processing Clerk, PS-6 position, the duties of which were physically arduous and potentially included moving heavy containers of mail. *Id.*

¶3      The appellant had permanent and stationary medical restrictions, primarily related to her ankle. *Id.* These restrictions were documented in December 2010. *Id.* The agency conducted a search for work within her restrictions across all shifts and crafts within the processing center, within and outside of the San Diego District and throughout the 50-mile radius Local

Commuting Area (LCA), but found no operationally necessary tasks that she could perform within her restrictions. *Id.* On December 23, 2010, the agency issued a Complete Day No Work Available letter, directing her to leave for the remainder of her workday and not report back unless she was contacted. *Id.* at 2-3. The administrative judge found that she failed to make a nonfrivolous allegation that the agency's action constituted an arbitrary and capricious failure to restore her to duty.[2] *Id.* at 6.

¶4      The appellant submitted updated medical documentation in February 2012, after the agency so requested. Initial Appeal File (IAF), Tab 7 at 116-18. She was allowed to return to work in February 2013 after the agency reviewed her medical restrictions and identified work within those restrictions pursuant to the National Return to Work Project. *Id.* at 7, 21-23. She nevertheless filed the instant appeal asserting that the agency improperly denied her request for restoration as a partially-recovered employee. IAF, Tab 1. She premises her assertion upon a May 30, 2013 final agency decision finding that the agency did not discriminate against her based on age or disability when she was not permitted to return to work for nearly a year after her submission of updated medical information.[3] *See id.*, Attachment (Att.). The administrative judge issued a jurisdictional order to which she responded. IAF, Tabs 4, 6.

¶5      The administrative judge found that the appellant established three of the four elements required for the Board to take jurisdiction over her appeal. IAF, Tab 12, Initial Decision (ID) at 4-5. He found that she was absent from her position due to a compensable injury and had recovered sufficiently to return to

---

[2]  The initial decision is the Board's final decision in *Cooper I*, as the appellant did not file a petition for review by the finality date.

[3]  The administrative judge interpreted the appeal as including an implicit claim of disability discrimination. *See* IAF, Tab 12, Initial Decision at 3, 7 & n.2. Absent a finding of Board jurisdiction, however, the Board lacks the authority to adjudicate a disability discrimination claim. *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (5 U.S.C. § 2302(b) is not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

duty on a part-time basis or to work in a position with physical requirements that were less demanding than the requirements of her previous positions. ID at 4-5. He further found that she showed that the agency denied her request for restoration when it did not perform a search for available jobs when she first updated her medical documentation in February 2012. ID at 5. As for the fourth element, the administrative judge found that the appellant failed to allege that the agency's denial of her request for restoration had been arbitrary and capricious. ID at 6. The administrative judge thus dismissed the appeal for lack of jurisdiction. ID at 8.

¶6        The administrative judge erroneously cited *Chen v. U.S. Postal Service*, 97 M.S.P.R. 527, ¶ 13 (2004), as the standard that the appellant had to meet to establish the Board's jurisdiction. ID at 4. *Chen*, which required an appellant to make a nonfrivolous allegation of the jurisdictional elements, was overruled by *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400 (2012). Under *Latham*, an appellant must prove the same jurisdictional elements by preponderant evidence. She must prove that: (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the denial was arbitrary and capricious because of the agency's failure to perform its obligations under 5 C.F.R. § 353.301(d). *Latham*, 117 M.S.P.R. 400, ¶ 10. An appellant who establishes the Board's jurisdiction over her appeal automatically prevails on the merits. *Id.*, ¶ 10 n.9.

¶7        In the order to show cause, the administrative judge also erroneously cited *Chen* and other cases that have been overruled with respect to the jurisdictional standard. IAF, Tab 4 at 3. His mistakes, however, are not reversible error in this case. The agency set forth the *Latham* standard in its response to the show-cause order, which would have cured the defect in that order. IAF, Tab 7 at 10-11; *see*

*Parker v. Department of Housing & Urban Development*, [106 M.S.P.R. 329](#), ¶ 8 (2007) (an administrative judge's failure to provide an appellant with proper *Burgess* notice may be cured if the agency's pleadings contain the notice that was lacking in the acknowledgment order or later show-cause orders); *see also Burgess v. Merit Systems Protection Board*, [758 F.2d 641](#), 643-44 (Fed. Cir. 1985) (an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue). Additionally, because we agree with the administrative judge's finding that the appellant failed to raise a nonfrivolous allegation that the agency's denial of restoration was arbitrary and capricious, *see* ID at 6-7, we also conclude that she was not entitled to a hearing during which she would have had opportunity to prove jurisdiction by preponderant evidence, *see Richards v. U.S. Postal Service*, [118 M.S.P.R. 242](#), ¶ 4 (2012). Accordingly, while we must correct the errors in the initial decision, correction of the errors does not alter the outcome of the appeal, and neither party's substantive rights were affected. *See Panter v. Department of the Air Force*, [22 M.S.P.R. 281](#), 282 (1984).

¶8        On review, the appellant argues that the agency acted arbitrarily and capriciously by violating agency-specific restoration rules. Petition for Review (PFR) File, Tab 3 at 5; *see Latham*, [117 M.S.P.R. 400](#), ¶ 16 (an agency's failure to adhere to its substantive restoration obligations under [5 C.F.R. § 353.301](#)(d), including any restoration obligations that it has voluntarily adopted, is per se "arbitrary and capricious" within the meaning of [5 C.F.R. § 353.304](#)(c)). Specifically, she argues that the agency allowed non-career employees to work in job assignments within her medical restrictions that should have been available to her after February 2012. PFR File, Tab 3 at 6-7. She additionally argues that certain non-career employees were placed in "fully funded supervisor[y] positions throughout the United States since before February 2012 and ongoing" at the SBP&DC, where she had been assigned, and in other locations. *Id.* at 7-8. She also asserts that the agency denied her reasonable accommodation of her medical

condition by failing to assign her to a rehabilitation position as a Customer Care Agent in one of the agency's call centers. *Id.* at 8-12. She further asserts that the agency discriminated against her based on disability.[4] *Id.* at 13-14.

¶9        The appellant has raised these arguments for the first time on review. The complaint that she presented before the administrative judge was of a general nature. Her appeal form lacks any narrative explaining why she believes the agency improperly denied her restoration request between February 2012 and February 2013, although, with her appeal form, she submitted the May 30, 2013 final agency decision finding that the agency did not discriminate against her in doing so. *See* IAF, Tab 1, Att. Her response to the show-cause order states that from February 22, 2012, until January 2013, the agency "disregarded her requests" to return to work. IAF, Tab 6 at 4. The response further states that the work offered to her between January 25, 2013, and February 9, 2013, "was so unreasonable as to amount to a denial of restoration." *Id.* at 5. She alleged no specific facts and submitted no documentary evidence supporting her assertions.

¶10        The Board generally will not consider an argument relating to jurisdiction that is raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *See Vazquez v. U.S. Postal Service*, 114 M.S.P.R. 264, ¶ 8 (2010); *Hammond v. Department of Veterans Affairs*, 98 M.S.P.R. 359, ¶ 6 n.* (2005). The appellant submitted several documents with her petition for review. Most of these documents pre-date the close of the record on December 17, 2013, *see* IAF, Tab 4 at 4; *see, e.g.*, PFR File, Tab 3 at 21-22, 33-42, Tab 5 at 4-22, and some of

---

[4] The appellant additionally argues that "there was no real business reason for the discontinuation of [her] limited duty position." PFR File, Tab 3 at 6. As with her other arguments on review, she did not raise this issue before the administrative judge. Furthermore, to the extent that she may be reasserting the issues in *Cooper I*, this issue is barred under the doctrine of collateral estoppel. *See Coats v. U.S. Postal Service*, 111 M.S.P.R. 268, ¶ 8 (2009) (dismissal for lack of jurisdiction will generally preclude a second action in the same forum under the doctrine of collateral estoppel, which would preclude relitigation of the same jurisdictional issue).

the documents are undated, *see, e.g.*, PFR File, Tab 3 at 17, 29-32. She has not explained why she could not obtain these documents before the record closed. She has likewise not explained why she could not obtain the three March 2014 declarations that she submitted with the petition for review. *See* PFR File, Tab 3 at 23-28. These declarations were given by Distribution and Mail Processing Clerks who were employed at the SBP&DC while this appeal was pending before the administrative judge.[5] *Id.*

¶11    Even if the appellant had advanced these arguments before the administrative judge, her appeal would be unavailing. Despite her rather general allegations, the administrative judge examined considerable documentation from the agency that was relevant to her claim before he concluded that she failed to nonfrivolously allege that the agency improperly denied her restoration request. *See* ID at 4-6; IAF, Tab 7 at 21-205, Tab 8 at 4-186. Moreover, some of her arguments on review reflect a fundamental misunderstanding of the agency's obligations. For example, regarding her assertion that the agency should have assigned her to one of its call centers in a distant location if a local position had not been available, *see* PFR File, Tab 3 at 8, 10-12, the agency was only required to search for vacant, funded position within her medical restrictions and within the 50-mile LCA, *see Davis v. U.S. Postal Service*, 120 M.S.P.R. 122, ¶ 5 (2013); 5 C.F.R. § 353.301(d); *see also* Employee and Labor Relations Manual § 438.11(b).

¶12    Finally, the appellant asserts that the administrative judge erred when he dismissed the appeal without ruling on her second motion to compel discovery from the agency. PFR File, Tab 5 at 5, Tab 8 at 3; *see* IAF, Tabs 9-11. An administrative judge has broad discretion in ruling on discovery matters, and, absent a showing of abuse of discretion, the Board will not find reversible error in

---

[5] The declarants assert that they served with other persons, including non-career employees, who were performing duties that were within the appellant's medical restrictions. *See* PFR File, Tab 3 at 23-28.

such rulings. *Vaughn v. Department of the Treasury*, [119 M.S.P.R. 605](#), ¶ 15 (2013). Here, we find no abuse of discretion. The administrative judge properly denied the appellant's *only* motion to compel. ID at 8 n.3. The appellant contends that her reply to the agency's response to her motion to compel was a second motion to compel, *see* PFR File, Tab 8 at 3, but that pleading was not another motion. The appellant captioned the pleading as a "Reply to the Agency's Response regarding Appellant's 1st Motion to Compel Discovery." IAF, Tab 11 at 4. The pleading itself is in the nature of a reply and repeatedly references her motion and the agency's response. *Id.* at 4-8. Her argument is unavailing. For all of the reasons addressed herein, we thus affirm the initial decision dismissing her appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. [5 C.F.R. § 1201.113](#). You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* [5 U.S.C. § 7703](#)(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, [931 F.2d 1544](#) (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.